IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. **3:13-CR-068-L-04** |
| | § | |
| **DOMINIQUE STARLING (01)** | § | |
| **ERIN BLAKE (02)** | § | |
| **STEVEN MITCHELL (03)** | § | |
| **JEREMIAH GANT (04)** | § | |
| **DARIUS FREEMAN (05)**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Jeremiah Gant's Motion for Severance, filed May 17, 2013, and the United States of America's ("the government") Response to Defendant's Motion for Severance, filed June 5, 2013. After careful consideration of the motion, response, record, and applicable law, the court **denies without prejudice** Defendant Jeremiah Gant's Motion for Severance.

**I.    Background**

On February 20, 2013, Dominique Starling, Erin Blake, Steven Mitchell, Jeremiah Gant ("Defendant" or "Gant") and Darius Freeman (collectively, "Defendants") were named in a two-count indictment ("Indictment") charging them with" (1) Conspiracy to Possess a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 846; and (2) Using, Carrying and Discharging a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 942(c)(1)(A)(iii). The Indictment alleges that, on October 10, 2012, Defendants did knowingly,

**Memorandum Opinion and Order - Page 1**

intentionally and unlawfully, combine, conspire, confederate, and agree together, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute marijuana, and that on the same date, Defendants did knowingly carry, use and discharge firearms, to wit: a Colt 9mm pistol; an Iver Johnson .22 caliber revolver; a Bersa .380 caliber revolver; and a Ruger .40 caliber pistol, during and in relation to a drug trafficking crime, that is, Conspiracy to Possess a Controlled Substance with Intent to Distribute, as charged in Count One. The case is scheduled for trial on July 15, 2013.

On May 17, 2013, Defendant filed a motion for severance, asserting that he should be severed from the other defendants and tried separately because he has been misjoined under Federal Rule of Criminal Procedure 8(b) and requests relief from prejudicial joinder under Federal Rule of Criminal Procedure 14. The government opposes the motion.

**II.    Motion for Severance**

**A.    Misjoinder under Rule 8(b)**

Defendant first argues that he should be severed from the other defendants and tried separately because he has been misjoined under Federal Rule of Criminal Procedure 8(b). Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Gant contends that Defendants are charged with separate and unrelated schemes that lack the requisite sameness or continuity to permit the joinder of both offenses and Defendants under Rule 8. Specifically, Defendant asserts that the "Indictment contains two separate

**Memorandum Opinion and Order - Page 2**

conspiracies instead of one; three of the codefendants, who are members of a street gang, are allegedly committing the crime of robbery against two of the codefendants, who are not members of the street gang and were defending themselves from the robbery." Def.'s Mot. for Severance 3. Therefore, Gant argues, a joint trial, "with two separate conspiracies alleged in one count; robbery and drug trafficking, serves only to prejudice" him by allowing the prosecutor to reduce the burden of proving guilt beyond a reasonable doubt and having Defendants accuse each other of unrelated charges. *Id.* at 2.

In response, the government argues, Defendant's argument is "simply false" because Defendants have not been charged with separate and unrelated schemes or offenses; nor has Gant, or any other defendant, been charged with offense of robbery in the Indictment. Resp. to Def.'s Mot. for Severance 2. According to the government, all Defendants were appropriately named in both counts of the Indictment, as the facts of the case indicate that they communicated and acted together to conduct the same drug distribution act and transaction; specifically, that Gant and Freeman were contacted by Starling, Blake, and Mitchell regarding the sale of over 100 grams of marijuana. The government further alleges that an amount of drugs, price and location to meet was communicated with the intent of all involved to further a drug distribution offense. *Id.* at 1-2.

Here, the Indictment charges Defendants with only one conspiracy — not two, as Defendant suggests — and it does not charge them with robbery; nor does it list the elements of a robbery offense. All Defendants are named in both counts of the Indictment. Count One alleges a conspiracy to possess a controlled substance with intent to distribute, and Count Two alleges Defendants were liable for the use and discharge of firearms during the drug trafficking offense alleged in Count One. Thus, Defendants "are alleged to have participated in the same act or transaction, or in the same

**Memorandum Opinion and Order - Page 3**

series of acts or transactions, constituting an offense or offenses," as required by Rule 8. Furthermore, "[i]t is the rule, therefore, not the exception, that 'persons indicted together should be tried together, especially in conspiracy cases.'" *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993). Therefore, the court determines that Gant has not been misjoined under Rule 8.

B.   **Prejudicial Joinder under Rule 14**

Defendant also requests relief from prejudicial joinder under Federal Rule of Criminal Procedure 14. Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Rule 14 further provides that, before ruling on a motion to sever, "the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14(b).

Gant alleges some of the co-defendants are members of a street gang known as "Certified Sliders Bitch," or "CSB." Gant contends that he is not a member of "CSB" and that if he is tried with the "CSB" codefendants in this case, he will be materially prejudiced because the "CSB" evidence that the jury should not consider would not be admissible against Gant if he is tried alone. Further, Defendant, citing *Gray v. Maryland*, 523 U.S. 185, 191 (1998), argues that he will be prejudiced by the admission in evidence of co-defendant statements "through videotapes and other evidence." Def.'s Mot. for Severance 2. According to Gant, limiting instructions to the jury will "unlikely erase prejudice." *Id.*

**Memorandum Opinion and Order - Page 4**

The government counters that Gant is assuming that evidence of gang membership by any of Defendants would be introduced at trial. Resp. to Def.'s Mot. for Severance 3. The government states that it does not believe the co-defendants' gang affiliation to be of probative value in this case or that it would be admitted into evidence, unless an exception developed during the course of the trial. *Id.* Further, the government argues that if the CSB gang affiliation were to become relevant, the court could offer a limiting instruction to the jury. *Id.* Moreover, in response to Gant's argument that his codefendant's statements will be prejudicial to him, the government states that "[o]f the five defendants associated with this case, Gant and Freeman (who had a close relationship) and Starling made statements regarding the offenses," and that "Gant could hardly be prejudiced, when he admitted to the elements of the offense in a recorded statement." *Id.* Therefore, the government contends, Gant will not be prejudiced by a trial with his co-defendants. *Id.*

Here, the government has indicated that it does not intend to introduce Gant's codefendant's gang affiliation unless an exception developed during the course of the trial in which it would become relevant. Frankly, the court, at this point, questions whether it has any value, except to prejudice the jury. In the event it becomes relevant, the court will either offer a limiting instruction to the jury or exclude the evidence under Federal Rule of Evidence 403, depending on the circumstances. Furthermore, Defendant cites to *Gray*, and *Bruton v. United States*, 391 U.S. 123 (1968), which both involve the admission of confessions by nontestifying codefendants as evidence against other codefendants in joint trials.[*] *Bruton* and *Gray*, however, would only come into play

---

[*] The court notes that *Bruton v. United States*, 391 U.S. 123 (1968) is "properly understood to be a Confrontation Clause case." *United States v. Surtain*, No. 11-30525, 2013 WL 1846625, at *19 n.5 (5th Cir. May 2, 2013). In *Bruton*, two defendants—Evans and Bruton—were tried jointly for robbery. 391 U.S. at 124. Evans did not testify; however, the government introduced into evidence his confession, in which he admitted he and Bruton together had committed the robbery. *Id.* The trial judge gave the jury a limiting instruction to consider the confession as evidence

**Memorandum Opinion and Order - Page 5**

if a nontestifying codefendant's statement implicating Gant is admitted into evidence at trial. Even assuming this happens — which there is no guarantee it will — and the confession cannot be redacted within *Bruton*'s protections, Gant may move for a severance on the basis of *Bruton*. *See United States v. Redd*, No. 06-60806, 2009 WL 348831, at *15 (5th Cir. Feb. 12, 2009) ("Where there is a *Bruton* violation and a party moves for severance during trial, severance of the trials is proper.") (citing *United States v. Restrepo*, 994 F.2d 173, 186 (5th Cir. 1993)); *Restrepo*, 994 F.2d at 186 (noting that when there is a *Bruton* violation, "'[s]everance of the trials is proper, but only in cases where a defendant's statement directly incriminates his or her co-defendants without reference to other, admissible evidence.'") (quoting *United States v. Beaumont*, 972 F.2d 91, 95 (5th Cir. 1992)). (emphasis added). The court will take whatever steps are necessary to ensure that Defendant Gant receives a fair trial. Therefore, the court concludes that relief from prejudicial joinder under Rule 14 is not warranted at this juncture.

---

only against Evans, not against Bruton. *Id.* at 125. The Supreme Court held that, despite the limiting instruction, the introduction of the out-of-court confession at trial violated Bruton's constitutional right to cross-examine witnesses against him. *See id.* at 137. Thus, under *Bruton*, "[a] defendant's Sixth Amendment right to confrontation is violated when (1) several co-defendants are tried jointly, (2) one defendant's extrajudicial statement is used to implicate another defendant in the crime, and (3) the confessor does not take the stand and is thus not subject to cross-examination." *United States v. Restrepo*, 994 F.2d 173, 186 (5th Cir. 1993). *Bruton*, however, "does not apply to (1) statements that do not directly incriminate other coconspirators; or (2) statements falling within certain hearsay exceptions including coconspirator statements made during and in furtherance of the conspiracy." *United States v. Redd*, No. 06-60806, 2009 WL 348831, at *15 (5th Cir. Feb. 12, 2009) (citing *United States v. Walker*, 148 F.3d 518, 522 (5th Cir.1998), *abrogated on other grounds* by *Texas v. Cobb*, 532 U.S. 162 (2001)).

*Gray* involved a similar scenario, however, the confession introduced by the nontestifying codefendant, Bell, was redacted to delete references to the other codefendant, Gray. 523 U.S. 185, 188 (1998). The Supreme Court held that *Bruton*'s protective rule applies and that redacting the Bell's confession by substituting for Gray's name in the confession a blank space or the word "deleted" does not make a significant legal difference. *Id.* at 188. According to the court, the redacted confession "obviously refer[ed] directly to someone, often obviously the defendant, and which involve[d] inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial." *Id.* at 196. Thus, under *Gray*, *Bruton*'s protective rule "applies to a non-testifying co-defendant's confession when the redacted confession replaces the defendant's name with an obvious deletion." *United States v. Nutall*, 180 F.3d 182, 188 (5th Cir. 1999).

**Memorandum Opinion and Order - Page 6**

### III.     Conclusion

For the reasons stated herein, the court **determines** that Defendant has not been misjoined under Federal Rule of Criminal Procedure 8 and that relief from prejudicial joinder under Federal Rule of Criminal Procedure 14 is not warranted at this juncture.  Accordingly, the court **denies without prejudice** Defendant Jeremiah Gant's Motion for Severance.  Out of abundance of caution and to minimize any surprise regarding the issue of severance, the court **orders** the government to produce, for *in camera* inspection, any statements made by codefendants that it intends to use as evidence by **June 19, 2013**.

**It is so ordered** this 13th day of June, 2013.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge